JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jo Lesly Désiré,

Petitioner,

vs.

Eric Holder, et al.,

Respondents,

No. CV 08-1329-PHX-SRB

**ORDER**

Petitioner, Jo Lesly Désiré, filed his Petition for Writ of Habeas Corpus on July 18, 2008. Petitioner argues that the immigration removal proceedings pending against him are barred by *res judicata* and by Immigration and Customs Enforcement's (ICE) own regulations. Respondents filed their Response in Opposition to the Petition on August 18, 2008. Petitioner filed his Reply on September 13, 2008. The Magistrate Judge issued his Report and Recommendation on January 28, 2009, recommending that the Court find that jurisdiction is not barred by the immigration statutes, but that the Petition should be dismissed because Petitioner is not "in custody" as required by 28 U.S.C. § 2241(c)(3). Because the Magistrate Judge concluded that jurisdiction was lacking under § 2241, the Report and Recommendation did not reach the merits of Petitioner's claims.

Petitioner filed a timely Objection to the Report and Recommendation arguing that the Magistrate Judge erred in finding that he is not "in custody" for purposes of § 2241. Respondents also filed a timely Objection arguing that the Magistrate Judge erred in finding

that the immigration statutes do not deprive the Court of jurisdiction. Petitioner filed a Response to Respondents' Objection. Respondents did not respond to Petitioner's Objection.

The Court will overrule Respondents' objection and adopt the Report and Recommendation's jurisdictional findings in part. The Court will sustain Petitioner's Objection and reject the Report and Recommendation's "in custody" determination. The matter will be referred back to the Magistrate Judge for a supplemental report and recommendation regarding the merits of Petitioner's *res judicata* claim.

## I. Factual Background

Petitioner, a native and citizen of Haiti, was admitted to the United States as a lawful permanent resident in 1967 at the age of 14. In 1998, he pleaded guilty to unlawful transport, import, sale, administration, or gift of a controlled substance under California Health and Safety Code § 11352(a). In August of 1999, Petitioner was taken into custody by ICE and detained in the Eloy Detention Center until he was removed to Haiti on May 25, 2006.[1]

On August 16, 1999, Petitioner was charged with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) ("illicit trafficking in a controlled substance"). On June 2, 2000, an immigration judge sustained the charges against Petitioner and issued an order for his removal to Haiti. On January 17, 2001, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal. On August 15, 2007, the United States Court of Appeals for the Ninth Circuit granted Petitioner's second petition for review and vacated the removal order. Desire v. Gonzales, No. 03-16178, 2007 WL 2326214 (9th Cir. Aug. 15, 2007) (unpublished memorandum). The Ninth Circuit held that Petitioner's California conviction did not qualify as an aggravated felony under either the categorical approach or the modified categorical approach. Id.

On February 11, 2008, the BIA granted the Department of Homeland Security's (DHS) motion to reopen and remand Petitioner's removal proceedings to the immigration

---

[1] Petitioner had not been granted a stay of removal.

judge. Although the BIA agreed with Petitioner that *res judicata* barred the DHS from attempting to establish that his California conviction was an aggravated felony, it held that *res judicata* did not bar the DHS from charging that the same California conviction rendered Petitioner removable under 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of a controlled substance offense. Removal proceedings are currently pending against Petitioner in the Immigration Court in Eloy, Arizona.

Petitioner's current status is that of a lawful permanent resident alien residing in Haiti. Cf. Nken v. Holder, 129 S. Ct. 1749, 1761 (2009) (removal alone does not constitute irreparable injury justifying a stay because aliens who prevail in their petitions for review "can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal"). Although there was a delay in providing Petitioner with the necessary paperwork, on July 29, 2008, the DHS provided him with the proper documents for reentry into the United States. Petitioner, however, must arrange and pay for travel to the Port of Entry in Miami, Florida, which is the only place he is authorized to enter. Moreover, upon his arrival in the United States, the Government intends to immediately return him to Eloy, Arizona, where he will be detained pending completion of his reopened removal proceedings.

## II. Jurisdiction

### A. 28 U.S.C. § 1252(a)(5)

In his Report and Recommendation, the Magistrate Judge noted that this Court previously held that 8 U.S.C. § 1252(a)(5) does not bar this habeas corpus action. The Magistrate Judge further found that even if the prior holding is not law of the case, § 1252(a)(5) does not bar this action because Petitioner is not challenging a final order of removal. Respondents do not address § 1252(a)(5) in their Objections to the Report and Recommendation and the Court finds no reason to reconsider its prior ruling on the issue.

### B. 28 U.S.C. § 1252(b)(9)

The Magistrate Judge also determined that 28 U.S.C. § 1252(b)(9) does not deprive the Court of jurisdiction over this action. The Magistrate Judge found that § 1252(b)(9), like

§ 1252(a)(5), only precludes habeas corpus jurisdiction over claims challenging an order of removal. Because Petitioner's *res judicata* claim does not challenge an order of removal or the factual and legal issues to be resolved in a removal proceeding, the Magistrate Judge concluded that § 1252(b)(9) does not bar Petitioner's *res judicata* claim. The Magistrate Judge also determined that Petitioner's claim that the BIA violated its own regulations when it reopened his removal proceedings is "at least arguably" also "an ancillary challenge beyond the scope of § 1252(b)(9)."

Respondents object on the grounds that the plain language of § 1252(b)(9) reveals that it was intended to preclude habeas corpus challenges not only to removal orders, but also to removal proceedings. As the Magistrate Judge noted, this argument has been explicitly considered and rejected by the Ninth Circuit:

> By virtue of their explicit language, both §§ 1252(a)(5) and 1252(b)(9) apply only to those claims seeking judicial review of orders of removal. Section 1252(a)(5) is prominently directed to "judicial review of an order of removal." Section 1252(b)(9) explicitly covers "any action taken or proceeding brought to remove an alien." To the extent that this language could be viewed as broader than § 1252(a)(5), as argued by the government, we are guided by the Supreme Court. In St. Cyr, the Court confirmed that § 1252(b)(9) "applies *only* 'with respect to review of an *order of removal* under [8 U.S.C. § 1252(a)(1) ].'" 533 U.S. at 313 (emphasis added) (citing 8 U.S.C. § 1252(b)). The Court further emphasized, "[s]ubsection (b)(9) simply provides for the consolidation of issues to be brought in petitions for '[j]udicial review'...." Id. The language added by the REAL ID Act does nothing to change or undermine that analysis.

Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir. 2007). The Court therefore agrees with the Magistrate Judge that § 1252(b)(9) only precludes habeas corpus review of challenges to an order of removal.

Respondents also object that Singh is distinguishable because it involved a claim of ineffective assistance of counsel that arose *after* the entry of an administratively final order of removal. They argue that challenges like Petitioner's, involving claims that arose *before* issuance of a final order of removal, are barred by § 1252(b)(9) because they seek review of removal *proceedings*. Respondents' temporal argument is not well taken. The fact that Singh's ineffective assistance claim arose after issuance of his final order of removal was relevant in Singh only because the timing demonstrated that Singh's "claim [could] not be

construed as seeking judicial review of his final order of removal, notwithstanding his ultimate goal or desire to overturn that final order of removal." Id. at 979. A claim, like Petitioner's, that arises prior to an order of removal may also challenge a detention that arose independent of the removal order. See Kharana v. Chertoff, No. C07-04754, 2007 WL 4259323 at *3 (N.D. Cal. Dec. 3, 2007) (a habeas corpus challenge to a conviction that served as a basis for a removal order was not distinguishable from Singh merely because the claim arose prior to the order of removal). Because Petitioner's claim that his removal proceedings are barred by *res judicata* does not involve a challenge to a removal order, the Court finds that § 1252(b)(9) does not deprive it of jurisdiction.[2]

**C. 28 U.S.C. § 1252(g)**

The Magistrate Judge also rejected Respondents' argument that this Court lacks jurisdiction under 28 U.S.C. § 1252(g). Although Respondents failed to address the issue in their objections to the Magistrate Judge's Report and Recommendation, the Court will consider it *de novo* because lack of subject matter jurisdiction is a non-waivable defect. See Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 941-42 (9th Cir. 2006).

Subsection 1252(g) deprives the courts of jurisdiction, including habeas corpus jurisdiction, to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Supreme Court has held that § 1252(g) does not "cover[] the universe of deportation claims," rather it "applies to only three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999) (emphasis in original). In the process of considering why Congress would deprive the courts of jurisdiction over these three discrete actions, the Court explained that "[s]ection 1252(g)

---

[2] Because the Court finds that it lacks jurisdiction over Petitioner's regulatory claim in the next section of this Order, it will not address it here.

was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." Id. at 485 n.9.

In his Report and Recommendation, the Magistrate Judge concluded that § 1252(g) does not bar this action because Petitioner's claims do not challenge the Attorney General's exercise of prosecutorial discretion. The Court agrees that Petitioner's *res judicata* claim does not challenge the exercise of prosecutorial discretion because the Attorney General has no discretion to proceed with removal proceedings if they are barred by a prior Ninth Circuit order.

In contrast, Petitioner's regulatory claim does challenge a discretionary decision. Petitioner claims that the DHS violated its own regulations when it granted the motion to reopen his removal proceedings. A "'[m]otion to reopen is discretionary.'" Lin v. Holder, No. 08-71227, 2009 WL 4360802, *2 (9th Cir. Dec. 3, 2009) (quoting Valeriano v. Gonzales, 474 F.3d 669, 672 (9th Cir. 2007)). And a decision to reopen proceedings is effectively a discretionary determination to "[re]commence proceedings," which decision is not reviewable "except as provided in [] section [§ 1252]." 8 U.S.C. § 1252(g). Therefore, the Ninth Circuit will have jurisdiction under § 1252(a) to review the decision to reopen for abuse of discretion, Lin, 2009 WL 4360802 at *2, but § 1252(g) deprives this Court of jurisdiction over the discretionary decision to reopen pursuant to the immigration regulations. Accordingly, Petitioner's claim that the BIA violated its own regulations when it reopened Petitioner's removal proceedings will be dismissed for lack of jurisdiction.

**III. Exhaustion of Administrative Remedies**

Respondents argue that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies as required by 8 U.S.C. § 1252(d)(1). In his Response to Respondents' Objections, Petitioner argues first that Respondents have waived the issue by presenting it for the first time in their Objection to the Report and Recommendation. Petitioner also asserts that the exhaustion argument is meritless because Petitioner exhausted his administrative remedies when he asserted his *res judicata* claim in opposition to the DHS's motion to reopen filed with the BIA.

The Court agrees with Petitioner's latter point. Even if exhaustion is required,[3] Petitioner fully exhausted his administrative remedies by presenting his *res judicata* claim to the BIA in opposition to Respondents' motion to reopen. The BIA has considered and rejected Petitioner's *res judicata* claim. Nothing more is required. Accordingly, the Court will not dismiss the Petition for failure to exhaust administrative remedies.

**IV. Custody**

The Magistrate Judge recommended that this action be dismissed because Petitioner is not "in custody" as is required to proceed with a habeas corpus petition filed under 28 U.S.C. § 2241. The Magistrate Judge initially noted that it has long been established that the concept of being "in custody" extends beyond physical detention. The Magistrate Judge then distinguished Petitioner's circumstances from various cases in which a person has been found to be "in custody" even though he or she was not physically detained under the legal authority the person sought to challenge.

Aliens who have been deported from the United States before their habeas corpus petitions are filed do not satisfy the "in custody" requirement of habeas corpus jurisdiction. Miranda v. Reno, 238 F.3d 1156, 1159 (9th Cir. 2001). However, "under extreme circumstances – when the INS removed an immigrant 'in violation of the immigration judge's order and after interference with his right to counsel' – the district court had habeas corpus jurisdiction over an immigrant who had already been removed." Id. (quoting Singh v. Waters, 87 F.3d 346, 349 (9th Cir. 1996)). But the Court agrees with the Magistrate Judge that Petitioner does not meet the extreme circumstances test because his removal was lawful

[3] Although the statutorily-mandated administrative exhaustion requirement applies to both habeas corpus petitioners and those seeking direct review in the court of appeals, see Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007), it only limits a court's authority to review "a final order of removal." 8 U.S.C. § 1252(d). As noted previously, Petitioner's *res judicata* claim does not challenge an order of removal. But when administrative exhaustion is not statutorily required, it may nonetheless be "judicially imposed as a matter of prudence." Puga, 488 F.3d at 815.

when it was effected and because Petitioner does not challenge the now-vacated removal order that authorized his removal from the United States.

Petitioner also argued that the fact that he was prevented from entering the United States is a sufficient restraint on liberty to constitute "custody" for habeas corpus purposes. See Subias v. Meese, 835 F.2d 1288, 1289 (9th Cir. 1987); but see, Samirah v. O'Connell, 335 F.3d 545, 550-51 (7th Cir. 2003) (Subias sweeps to broadly – "an alien abroad who seeks entry into the United States must, at the very least, suffer some unique restraint that would, in light of historical precedent constitute custody for the purposes of habeas corpus jurisdiction"). The Magistrate Judge rejected this argument because on May 14, 2008 – before this habeas corpus petition was filed – the Government indicated that it would permit Petitioner to reenter the United States. Petitioner objects on the grounds that he tried, but was unable to reenter the United States on July 21, 2008 – three days after the Petition was filed. He argues that because he was prevented from entering the United States, he was "in custody" when the Petition was filed. See Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) ("if a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody does not deprive the court of its jurisdiction"). But there is no allegation that the Government intentionally prevented Petitioner from entering the United States on July 21, 2008. Petitioner was unable to reenter the United States on that date solely because the necessary paperwork had not been processed on the date it was promised. A simple delay in the processing of travel documents is an insufficient restraint to constitute "custody" for purposes of habeas corpus jurisdiction.

The Magistrate Judge also found that the Government's intention to return Petitioner to detention upon his arrival in the United States does not constitute "custody" because that detention is "prospective only" and because it is only "a possibility, not a current fact." The Magistrate Judge concluded that Petitioner's circumstances are no different than an alien who, while serving a federal criminal sentence in the custody of the Bureau of Prisons, is served with a DHS detainer letter, which is insufficient place an alien in DHS custody for habeas corpus purposes. See Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), superceded

by statute on other grounds as recognized in Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995). The Court disagrees.

The Ninth Circuit held in Garcia that a bare detainer letter is insufficient to place an alien in INS (now DHS) "custody" for purposes of challenging future INS proceedings. But in so holding, the court noted that a detainer letter is "issued before there is a warrant or an order to show cause directed to the alien." Id. A "detainer letter itself merely advises that an investigation has been commenced and that an order to show cause and warrant will be issued when available." Id. Unlike a bare detainer letter, "a detainer plus a warrant does constitute a form of custody." Id.; Chung Young Chew, 309 F.2d 857, 865 (9th Cir. 1962) (Where "a warrant is obtained by the [INS] while the person named is in a penal institution, and on the basis thereof a detainer is lodged with that institution, the [INS] gains immediate technical custody"). A bare detainer is not like a warrant because it "'does not claim the right to take a prisoner into custody in the future nor does it ask the warden to hold the person for that purpose.'" Id. (quoting Prieto v. Gluch, 913 F.2d 1159, 1162-66 (6th Cir.1990)). The Garcia court noted that if immigration officials commence removal proceedings before the alien is released from prison, "habeas corpus may then well be available." Garcia, 40 F.3d at 304.

Removal proceedings have been commenced and are currently pending against Petitioner in the Immigration Court in Eloy, Arizona. He is charged with being a lawful permanent resident who is removable under 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of a controlled substance offense. Under 8 U.S.C. § 1226(c)(1), "The Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed any offense covered in section [1227(a)(2)(B)]." 8 U.S.C. § 1226(c)(1)(B) (emphasis added). Petitioner is therefore subject to a provision that requires his mandatory detention pending resolution of his immigration proceedings. He is not currently in physical detention only because the Attorney General cannot reach him in Haiti. As soon as he arrives in the United States, the Attorney General *must* take him into custody. 8 U.S.C. § 1226(c)(1)(B). Petitioner is therefore effectively under an unexecuted order of detention. Moreover, that detention is

redressable in this habeas corpus petition – if Petitioner's removal proceedings are barred by *res judicata*, he will not be subject to detention under § 1226(c). Accordingly, Petitioner is "in custody" for purposes of this habeas corpus action.

## V. Conclusion

Section 1252(g) deprives the Court of habeas corpus jurisdiction over Petitioner's claim that the BIA violated its own regulations when it exercised its discretion to reopen his removal proceedings. But the immigration statutes do not deprive the Court of jurisdiction to consider Petitioner's claim that the reopened proceedings are barred by *res judicata*. Petitioner has exhausted his administrative remedies with respect to his *res judicata* claim. Additionally, because Petitioner is subject to mandatory detention, he is "in custody" for purposes of this habeas corpus action. This matter will therefore be referred back to the Magistrate Judge for a report and recommendation on the merits of Petitioner's *res judicata* claim.

**IT IS ORDERED** overruling Respondents' Objections and sustaining in part Petitioner's Objections to the Report and Recommendation.

**IT IS FURTHER ORDERED** adopting in part and denying in part the Report and Recommendation (Doc. 16) as set forth in this Order.

**IT IS FURTHER ORDERED** dismissing Petitioner's claim that the BIA violated its own regulations when it exercised its discretion to reopen his removal proceedings.

**IT IS FURTHER ORDERED** referring this matter to Magistrate Judge Jay R. Irwin for a report and recommendation on the merits of Petitioner's *res judicata* claim.

DATED this 11th day of December, 2009.

Susan R. Bolton
United States District Judge