# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Joe Lesly Desire,**<br>Petitioner<br>-vs-<br>**Michael Mukasey, et al.,**<br>Respondents | CV-08-1329-PHX-SRB (JRI)<br><br>**SUPPLEMENTAL REPORT &**<br>**RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, having been removed to Haiti under a now vacated order of removal, and remaining subject to on-going removal proceedings, filed through counsel a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 18, 2008 (#1). Following an initial Report & Recommendation (#16), the District Judge rejected the recommendation that the matter be dismissed on the basis that Petitioner was no longer in custody,[1] and referred this matter again to the undersigned for preparation of a report and recommendation on Petitioner's *res judicata* claim. Respondents have filed a Supplemental Answer (#24) addressing that claim, and Petitioner has filed a Supplemental Reply (#25).

The re-referred portion of Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b),

---

[1] In their Supplemental Answer, Respondents evidenced an intent to seek reconsideration of the Court's order regarding the custody issue on the basis that detention upon Petitioner's re-entry is no longer mandatory. (#24 at 2, n.2.) No such motion for reconsideration has been filed, and the undersigned does not *sua sponte* address the issue, which would implicate reconsideration of the District Judge's order.

- 1 -

Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

Petitioner is a native of Haiti, entered the United States as a lawful permanent resident in 1967 while a teenager, served in the U.S. military, and received an honorable discharge in 1972. (Exhibit F, IJ Order 6/2/00; Exhibit C, Cert. Hon. Disch.; Exhibit B, Applic. Asylum.)[2] In 1998, Petitioner was convicted in the California courts of violating California Health & Safety Code § 11352(a), a controlled substance violation summarized as "SELL/TRANSPRT CONTRL SUB," and was sentenced to three years in prison. (Exhibit I, 9th Cir. Dec. 1/17/01 at 4; Exhibit D, Abst. Judgment.)

### B. PROCEEDINGS BEFORE IMMIGRATION JUDGE

On August 16, 1999, the government served Petitioner with a "Notice to Appear" (Exhibit E), charging him with being removable as a result of his California conviction. At a removal proceeding on October 25, 1999 Petitioner admitted his lawful permanent resident status, and criminal conviction, but asserted his conviction did not justify his removal. He was found by the immigration judge to be deportable on the basis that his conviction qualified as a drug trafficking offense. (Exhibit F, IJ Order 6/2/00.) In response, Petitioner filed an Application for Asylum, withholding of removal under the immigration statutes, and withholding of removal under the Convention Against Torture (Exhibit B). Those requests were denied on the basis that Petitioner's California conviction qualified as an aggravated felony and a particularly serious crime, and because a likelihood of torture could not be found. Petitioner was ordered removed to Haiti. (Exhibit F, IJ Order 6/2/00.)

---

[2] Exhibits to the Petition (#1) are referenced herein as "Exhibit ___." Exhibits to the Response (#11) are referenced herein as "Resp. Exhibit ___." Exhibits to the Supplemental Response (#24) are referenced herein as "Supp. Exhibit ___."

## C. PROCEEDINGS BEFORE THE BOARD OF IMMIGRATION APPEALS

Petitioner appealed the immigration judge's decision. (Exhibit G, Not. Appeal.) The Board of Immigration Appeals sustained the order of removal. (Exhibit H, BIA Dec. 1/17/01.)

## D. PROCEEDINGS BEFORE NINTH CIRCUIT AND REMOVAL

Petitioner subsequently filed a habeas petition in the District of Arizona, CV-01-0588-RCB, challenging his order of removal. The district court denied the petition, and Petitioner appealed to the Ninth Circuit. (Exhibit I, Mem. Dec.)

The Ninth Circuit granted various stays of removal, but on August 3, 2005, denied a further request for stay, and on September 7, 2005, denied a motion for reconsideration. On August 25, 2006, Petitioner was removed to Haiti on the basis of the Immigration Judge's June 2, 2000 order. (Exhibit J, Mot. Remand at 4-5.)

On August 15, 2007, the Ninth Circuit reversed the district court, finding that it was now obligated to apply a modified categorical approach to determining whether Petitioner's conviction qualified as an aggravated felony. Finding nothing to show that the conviction was an aggravated felony, the Ninth Circuit granted the Petition and ordered Petitioner's Order of Removal vacated. (Exhibit I, Mem. Dec.)

## E. SUBSEQUENT IMMIGRATION PROCEEDINGS

**Remand Decision** - On December 21, 2007, the Government filed a Motion to Remand (Exhibit J) with the Board of Immigration Appeals, arguing that the Ninth Circuit's Order did not terminate the proceedings, and thus the BIA retained jurisdiction, and should reopen and remand the matter to the Immigration Court for consideration of additional charges of removability based upon additional evidence concerning the nature of the 1998 conviction as an aggravated felony and on the basis that the conviction qualified as a controlled substance offense, thus justifying Petitioner's removal.

The BIA ordered the Petitioner's removal proceedings reopened, and remanded to the

immigration court for consideration whether the offense qualified as a controlled substance offense. However, the BIA found that *res judicata* barred any claim that the conviction was an aggravated felony. (Exhibit K, BIA Dec. 2/11/08).

**On Remand** - On May 13, 2008, the Government filed Additional Charges of Inadmissibility/Deportability (Resp. Exhibit D), alleging that Petitioner's California conviction qualified as a controlled substance conviction, thus justifying his removal under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act.

On October 3, 2008, the Government filed a Brief with the immigration judge (Suppl. Exhibit D), arguing *inter alia* that *res judicata* did not bar the new allegations of removability, and a previous grant of relief under Section 212(c) barred cancellation of removal under Section 240A(a). Apparently the issue was not resolved, and on December 30, 2009, the case was administratively closed[3] by the immigration judge on an unopposed motion by the Government. (Suppl. Exhibit A, Order 12/30/09.)

## F. PETITIONER'S ENTRY STATUS

In May, 2008, counsel for the parties communicated via email concerning Petitioner's entry status. The government appears prepared to transport Petitioner back to the United States, but intends to return him to custody in Eloy, Arizona, apparently to await completion of the reopened removal proceedings.

## G. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner, filed through counsel the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 18, 2008 (#1). Petitioner asserted two grounds for relief: (1) the still pending removal proceedings are barred by the *res judicata* effect of

---

[3] The Immigration Practice Court Manual defines an "Administrative Closing" as an "order by an Immigration Judge removing a case from the Immigration Court's calendar. Once a case has been administratively closed, the court will not take any action on the case until a request to recalendar is filed by one of the parties." Imm. Ct. Pract. Man. Glossary, 2008 WL 4335241.

the Ninth Circuit's order; and (2) the reopening of Petitioner's removal proceedings violate applicable regulations, including: (a) 8 C.F.R. § 1003.2(c) (basis for reopening); (b) 8 C.F.R. § 1003.30 (additional charges of removability in existing proceedings only); and (c) 8 C.F.R. § 1003.2(c)(2) (motion to reopen to be filed within 90 days of final administrative decision).

**Service Order** - On July 25, 2008, this Court issued its service Order (#6), finding that it has jurisdiction despite the jurisdiction shifting provisions of the REAL ID Act of 2005, codified at 8 U.S.C. § 1252(a)(5), because Petitioner is no longer subject to an order of removal. (#6 at 3.) The Court noted concerns about whether Petitioner met the "in custody" requirement, but deferred decision of that issue. (*Id.* at 3-4.)

**Response** - On August 18, 2008, Respondents filed their Response (#11). Despite the Court's order (#6) addressing the issue, Respondents argue that this Court lacks habeas jurisdiction under 8 U.S.C. § 1252(a)(5) and (b)(9). (#11 at 4-7.) Respondents further argued that Petitioner is no longer in custody, because he is free to return to the United States. (*Id.* at 7-8.) Finally, Respondents argued that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because the Petition amounts to a challenge to the decision to remove Petitioner pursuant to what was at the time considered a valid order of removal. (*Id.* at 8-10.) Respondents deferred any response to the merits of Petitioner's grounds for relief. (*Id.* at 4, n. 1.)

**Reply** - Petitioner filed a Reply on September 8, 2008 (#13). Petitioner argued that the question of jurisdiction under § 1252(a)(5) and (b)(9) has already been decided by this Court and such decision is the "law of the case." (#13 at 2.) Petitioner argued that the jurisdictional limitations in 8 U.S.C. § 1252(g) (exercise of discretion) do not apply because execution of an invalid removal order cannot be a valid exercise of discretion. (*Id.* at 2-4.) Petitioner argued that he remains "in custody" because his return to the United States is clouded by the expectation of immediate detention for the pending removal proceedings.

**Original Report & Recommendation** - On January 28, 2009, the undersigned submitted an original Report & Recommendation (#16) recommending that the Court find that jurisdiction is not barred by the immigration statutes, but that the Petition should be

1 dismissed because Petitioner is not "in custody" as required by 28 U.S.C. § 2241(c)(3). Because the undersigned magistrate judge concluded that jurisdiction was lacking under § 2241, the Report and Recommendation did not reach the merits of Petitioner's claims.

Petitioner objected to the "in custody" determination, and Respondents objected to the statutory jurisdiction determination. The Court overruled the Respondents objection, sustained the Petitioner's objection, and referred the matter back to the undersigned for a supplemental report and recommendation regarding the merits of Petitioner's *res judicata* claim

## III. APPLICATION OF LAW TO FACTS

### A. *RES JUDICATA* EFFECT OF NINTH CIRCUIT'S DECISION

Petitioner argues that upon issuance of the Ninth Circuit's order vacating his order of removal (Exhibit I), Petitioner's removability became *res judicata* as to any ground for removal which could have been brought in that case. (Suppl. Reply #25 at 5-6.) Respondents, on the other hand, argue that there has been no final judgment on Petitioner's removability, because there was no new removal proceeding instituted, and instead the instant removal proceedings are a continuation of the original proceedings. (Suppl. Ans. #24 at 3-4.)

### 1. *Res Judicata* in Administrative Proceedings

"A final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981). The dual nature of this concept has been explicated by the Ninth Circuit:

> The doctrine of res judicata includes two distinct types of preclusion, claim preclusion and issue preclusion. **Claim preclusion** 'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.' ' Claim preclusion 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'

> The doctrine of **issue preclusion** prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding.."

*Robi v. Five Platters, Inc.,* 838 F.2d 318, 321-322 (9th Cir. 1988) (emphasis added, citations omitted).

**Issue Preclusion in Removal Proceedings** - The courts have applied the issue preclusion doctrine to removal proceedings. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966). "Issue preclusion applies to immigration proceedings." *Belayneh v. I.N.S.*, 213 F.3d 488, 492 (9th Cir. 2000). Thus, *res judicata* has been applied to immigration proceedings to preclude the institution of removal proceedings where the matter had once been resolved. *See e.g. Ramon-Sepulveda v. I.N.S.*, 824 F.2d 749 (9th Cir. 1987).

**Claims Preclusion in Removal Proceedings** - Where a removal proceeding "was the subject of a final judgment on the merits, *res judicata* bars the Service from 'initiating a second deportation case on the basis of a charge that [it] could have brought in the first case,' but did not." *Al Mutarreb v. Holder,* 561 F.3d 1023, 1031 (9th Cir. 2009) (quoting *Bravo-Pedroza v. Gonzales*, 475 F.3d 1358, 1358 (9th Cir.2007)).

On the other hand, *res judicata* does not bar the addition of new issues to an existing removal proceeding that has not terminated. In *Bravo-Pedroza*, the Ninth Circuit applied the principle of claims preclusion to removal proceedings, and held that "*res judicata* bars the Secretary of Homeland Security (the Secretary) from initiating a second deportation case on the basis of a charge that he could have brought in the first case, when, due to a change of law that occurred during the course of the first case, he lost the first case." *Id.* at 1358. However, the Ninth Circuit noted that the *res judicata* effect it applied could have been avoided had the Government "moved to reopen with the new charges any time [before the BIA terminated the first proceeding]." 475 F.3d at 1360.

Petitioner argues that a motion to reopen cannot "get around the preclusive impact of

1  *res judicata*." (Suppl. Reply, #25 at 5.)  To the contrary, the court in *Bravo* explicitly
2  acknowledged that the res judicata effect it applied could have been avoided had the
3  Government "moved to reopen with the new charges any time [before the BIA terminated
4  the first proceeding]." 475 F.3d at 1360.

5  It is true that in *Al Mutarreb*, decided after *Bravo*, the Ninth Circuit ignored the
6  potential for a motion to reopen, and simply noted that *res judicata* claims preclusion would
7  apply if the Government "issue[d] a new Notice to Appear." 561 F.3d at 1031.  However,
8  nothing in *Al Mutarreb* evidences an intent by such silence to overturn the reasoning of
9  *Bravo* that a successful motion to reopen proceedings on the original notice to appear would
10  avoid claims preclusion.

### 2. Application to Petitioner

**Issue Preclusion** - In this instance, the judgment of the Ninth Circuit in Petitioner's "habeas" proceeding is binding on the claims actually decided in that case, namely the validity of the prior removal order, and the status of Petitioner's February 1998 conviction as an aggravated felony.  (Exhibit I, Mem. Dec. at 3.)  No one is effectively challenging that point.  Indeed, the BIA acknowledged that the court "vacated the removal order in this case," and that "*res judicata* does bar DHS from seeking to establish that the respondent has been convicted of an aggravated felony."[4]  (Exhibit K, BIA Order 2/11/08 at 1.)

Petitioner would have this Court treat the Ninth Circuit's order as a final judgment that Petitioner is not removable under any circumstances.  The Ninth Circuit did not so hold.  Indeed, they could not have done so inasmuch as they do not decide removability *de novo* and "have no power to affirm the BIA on a ground never charged by the Service or found by

---

[4] Arguably, because the Ninth Circuit's review was converted into a review of the BIA's order (*see infra* discussion on REAL ID Act) the principle of "law of the case" more properly governs the extent to which the BIA is controlled by the matters decided by the Ninth Circuit. *See Hansen & Rowland v. C. F. Lytle Co.,* 167 F.2d 998, 999 (9th Cir. 1948) ("a judgment of reversal by an appellate court is an adjudication only of matters expressly discussed and decided, which become the law of the case in further proceedings on remand and re-appeal").

the IJ." *Al Mutarreb,* 561 F.3d at 1029.

Nor has the BIA issued such a final determination. As suggested in *Bravo*, the Government has successfully moved to re-open the pre-existing administrative proceedings and to remand the case to the immigration judge for the assertion of additional grounds for removal. (Supp. Exhibit B, Motion for Remand; Supp. Exhibit C, BIA Order 2/11/08.). Thus, there is not a "first case" and a "second deportation case," *Al Mutarreb*, 561 F.3d at 1031, but simply a continuation of the same deportation case..

**Claims Preclusion** - The real dispute then is whether Petitioner's removability under alternate theories as to the February 1998 conviction or on the basis of other convictions were "grounds . . . that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." "The criteria for the application of *res judicata* . . .are that there be a final judgment, rendered on the merits *in a separate action*." *Valencia-Alvarez v. Gonzales,* 469 F.3d 1319, 1323 -1324 (9th Cir. 2006) (emphasis added). Thus, claims preclusion only applies "in a situation where a *second action* is on the same cause of action and between the same parties as a first action; it does not apply where a controversy on appeal had not been concluded and no second action is being brought, but where there has been a reversal and remand for further proceedings in the same litigation." *Hansen & Rowland v. C. F. Lytle Co.,* 167 F.2d 998, 999 (9th Cir. 1948) (emphasis added).

Here, there is no prior or second removal proceeding. Rather, the same removal proceeding has existed from the start, was reopened by the BIA, and that case remains pending, albeit administratively closed pending Petitioner's return to the United States. The only final determination is that of the Ninth Circuit on the matters it actually decided. Thus, under the reasoning of *Bravo*, *res judicata* does not bar the Government's ongoing efforts in the original removal proceeding.

There are several bases upon which it is tempting to try to avoid *Bravo*.

Habeas Origins of Prior Proceeding - Ordinarily, determining the effect of the Ninth Circuit's decision would be complicated by the fact that the Ninth Circuit was not deciding Petitioner's case on direct review from the BIA (as it originally did in *Bravo*), but on review

in a habeas proceeding. The nature of habeas review as a collateral proceeding would make for an extremely limited review.

However, in 2005, during the pendency of Petitioner's appeal, Congress passed the REAL ID Act. Pub.L. No. 109-13, 119 Stat. 231 (2005). That act eliminated habeas as a means to obtain review of a removal order, and specified that a petition for review to the court of appeals was the sole means for reviewing removal orders. As a result, the pending review of the habeas proceeding was required to be treated "as if it were a timely filed petition for review with [the court of appeals]." *Alvarez-Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005).

Thus, procedurally, Petitioner's habeas case was before the Ninth Circuit in the same posture as was the original appellate proceeding in *Bravo*, where the Ninth Circuit was directly reviewing the BIA's removal order. 475 F.3d at 1359. Accordingly, *Bravo* is not distinguishable based on the origins of Petitioner's Ninth Circuit decision.

<u>Variance in Prior Appellate Orders</u> - It is true that in *Bravo* the Ninth Circuit followed the normal rule of deference to an administrative agency and remanded for consideration of the changed law, and did not issue any other decision. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). Here, however, the Ninth Circuit chose instead to itself vacate the removal order, and was silent on the issue of remand. *See Southeast Alaska Conservation Council v. U.S Army Corps of Engineers,* 486 F.3d 638, 654 -655 (9th Cir. 2007) *rev'd on other grounds*, *Coeur Alaska, Inc. V. Southeast Alaska Cons. Council,* 129 S.Ct. 2458 (2009) (if agency action is unlawful, the "court should 'vacate the agency's action and remand to the agency'").

However, the Ninth Circuit's lack of an explicit remand is not conclusive. To the contrary, a reversal which is silent as to any remand does not by itself bar further proceedings in a case. Instead, the contents of the appellate decision must be consulted to determine whether a preclusion of further proceedings is intended. *See U.S. v. Cote,* 51 F.3d 178, 182 (9th Cir. 1995) (holding that reversal of a conviction without remand but not dismissing the

- 10 -

case or ordering acquittal did not bar retrial). Here, there is nothing in the Ninth Circuit's memorandum decision which suggests that the court intended to preclude further proceedings in the matter. Rather its decision was on the limited issue that Petitioner "was not subject to removal on the basis charged." (Exhibit I, Mem. Dec. 8/15/07 at 4-5.) Given the Ninth Circuit's silence on the issue, and the policies in favor of remand, there is no basis to conclude that further proceedings before the BIA were prohibited by the Ninth Circuit's decision in Petitioner's case any more than they were by the simple remand in *Bravo*.

**Summary** - The decision by the Ninth Circuit in Petitioner's earlier proceeding was limited to whether the removal order could be based upon allegations that his February 1998 conviction was an aggravated felony. That is the only issue precluded by their decision.

Unlike the alien in *Bravo*, no separate removal proceeding has been initiated against Petitioner. Accordingly, no claims preclusion applies as a result of the Ninth Circuit's decision. Moreover, nothing in that decision prevents the Government from seeking to reopen the administrative proceedings and allege new grounds for removal.

Accordingly, Petitioner's *res judicata* claim is without merit, and his Petition should be denied.

**B. CERTIFICATE OF APPEALABILITY**

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

//
//

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the remainder of Petitioner's Petition for Writ of Habeas Corpus, filed July 18, 2008 (#1) be **DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: June 3, 2010

_____
JAY R. IRWIN
United States Magistrate Judge