**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jo Lesly Désiré, | No. CV 08-1329-PHX-SRB |
| Petitioner, | **ORDER** |
| vs. | |
| Michael Mukasey, Attorney General of the United States, in his official capacity; Katrina Kane, Director, Phoenix Field Office, Office of Detention and Removal Operations, U.S. Bureau of Immigrations and Custom Enforcement, in her official capacity; Michael Chertoff, Secretary of Homeland Security, in his official capacity, | |
| Respondents. | |

Pending before the Court is Petitioner Jo Lesly Désiré's Petition for Writ of Habeas Corpus ("Petition") (Doc. 1). Petitioner filed the instant Petition on July 18, 2008, arguing that the immigration removal proceedings pending against him are barred by res judicata and by Immigration and Customs Enforcement's ("ICE") own regulations. (Doc. 1-1, Pet. for a Writ of Habeas Corpus ("Pet.") at 2.) Respondents filed a Response in Opposition to the Petition on August 18, 2008, arguing that the Court lacked jurisdiction. (Doc. 11, Resp. in Opp'n to Pet. ("Resp. to Pet.") at 2.) Petitioner filed his Reply on September 8, 2008. (Doc. 13, Pet'r's Reply to Resp. to Pet. ("Pet'r's Reply to Pet.") at 1.)

1   The Magistrate Judge issued a Report and Recommendation on January 28, 2009, recommending that the Court find that jurisdiction is not barred by the immigration statutes, but that the Petition should be dismissed because Petitioner is not "in custody" as required by 28 U.S.C. § 2241(c)(3). (Doc. 16, Report and Recommendation ("R&R") at 9-13.) The Report and Recommendation did not reach the merits of Petitioner's claims. (*See id.*) The Court adopted the Report and Recommendation's jurisdictional findings in part and rejected the Report and Recommendation's "in custody" determination, finding that the Court has jurisdiction to hear Petitioner's res judicata claim but not Petitioner's claim that ICE violated its own regulations. (Doc. 20, Dec. 14, 2009, Order ("Order") at 3-10.) The Court then referred the matter back to the Magistrate Judge for a supplemental report and recommendation regarding the merits of Petitioner's res judicata claim. (*Id.* at 10.)

The Magistrate Judge issued a Supplemental Report and Recommendation on June 4, 2010, recommending that the Court find that Petitioner's res judicata claim is without merit and deny the Petition. (Doc. 26, Supplemental Report and Recommendation ("Supp. R&R") at 11.) Petitioner filed a timely Objection to the Supplemental Report and Recommendation. (Doc. 28, Pet'r's Objection to the Supp. R&R ("Pet'r's Obj. to Supp. R&R") at 1.) The Court adopts the Magistrate Judge's Supplemental Report and Recommendation and overrules Petitioner's Objection.

## I.     BACKGROUND

Petitioner is a native and citizen of Haiti and was admitted to the United States as a lawful permanent resident in 1967 at the age of 14. (Pet. at 2.) In 1998, Petitioner was convicted of selling or transporting a controlled substance under California Health and Safety Code § 11352(a) (the "California conviction"). (Pet., Ex. D, Abstract of J.). On August 16, 1999, the government served Petitioner with a Notice to Appear based on Petitioner's California conviction, charging Petitioner with being removable on the ground that his California conviction was an aggravated felony. (Pet., Ex. E, Notice to Appear.) On June 2, 2000, an immigration judge ("IJ") sustained the charges against Petitioner and issued an order for his removal to Haiti. (Pet., Ex. F, IJ Order.) On January 17, 2001, the Board of

1 Immigration Appeals ("BIA") dismissed Petitioner's appeal. (Pet., Ex. H, BIA Order.)
2 Petitioner filed a habeas petition challenging the order of removal. Petitioner was removed
3 from the United States in 2006. (Pet. at 2.) On August 15, 2007, the United States Court of
4 Appeals for the Ninth Circuit granted Petitioner's petition for review and vacated the removal
5 order. *Desire v. Gonzales*, 245 F. App'x 627, 629 (9th Cir. 2007) (unpublished
6 memorandum). The Ninth Circuit Court of Appeals held that, following a change in the law,
7 Petitioner's California conviction did not qualify as an aggravated felony under either the
8 categorical approach or the modified categorical approach. *Id.* The Ninth Circuit granted
9 Petitioner's petition for writ of habeas corpus and vacated the order of removal. *Id.*

10 On December 21, 2007, the Department of Homeland Security ("DHS") filed a
11 Motion for Remand to the Immigration Court with the BIA. (Pet., Ex. J, DHS Mot. to
12 Remand to Immigration Ct.) The BIA treated the DHS's motion as a motion to reopen the
13 proceedings. (Pet., Ex. K, Decision of BIA.) Although the BIA agreed with Petitioner that
14 res judicata barred the DHS from attempting to establish that Petitioner's California
15 conviction was an aggravated felony, it held that res judicata did not bar the DHS from
16 charging that the same California conviction rendered Petitioner removable under 8 U.S.C.
17 § 1227(a)(2)(B)(i) as an alien convicted of a controlled substance offense. (*Id.*) On February
18 11, 2008, the BIA granted the DHS's motion to remand Petitioner's removal proceedings to
19 the immigration court. (*Id.*) Petitioner then filed the instant Petition arguing that the
20 government is prohibited from reopening the prior immigration proceedings both by the
21 doctrine of res judicata and the relevant immigration regulations. (Pet. at 7-12.) The
22 immigration proceedings have since been "administratively closed," essentially stayed,
23 pending the resolution of the current Petition. (Pet'r's Obj. to Supp. R&R at 4.)

24 **II.    LEGAL STANDARDS AND ANALYSIS**

25 The doctrine of res judicata, or claim preclusion, bars further litigation of a claim by
26 the parties and their privies following a final judgment on the merits. *Poblete Mendoza v.*
27 *Holder*, 606 F.3d 1137, 1140 (9th Cir. 2010). Under res judicata, a final judgment on the
28 merits precludes parties and their privies from re-litigating all issues that were or could have

- 3 -

been raised in the prior action. *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010); *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1323 n.6 (9th Cir. 2006) ("Res judicata or claim preclusion bars a subsequent action 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877)). In the immigration context, res judicata prohibits the government "from initiating a second deportation case on the basis of a charge that [it] could have brought in the first case, when, due to a change of law that occurred during the course of the first case, [it] lost the first case." *Bravo-Pedroza v. Gonzales*, 475 F.3d 1358, 1358 (9th Cir. 2007).

The BIA has the discretion to reopen "any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). The BIA's discretion is, however, limited, and "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* § 1003.2(c). The fact that removal proceedings may be reopened does not change the fact that a final decision on the merits is res judicata in any subsequent, separate proceeding. *Ramon-Sepulveda v. INS*, 824 F.2d 749, 750 (9th Cir. 1987). However, courts have recognized that the regulations governing motions to reopen or reconsider decisions in immigration proceedings permit reopening or reconsidering a case even after a final judgment on the merits. *See Rana v. Gonzales*, 175 F. App'x 988, 995 (10th Cir. 2006) (noting that "there are situations in which claim preclusion does not prevent the reopening or reconsideration of a final judgment," including for example review of a district court judgment pursuant to Federal Rule of Civil Procedure 60(b), and ultimately finding "no reason . . . that the doctrine of claim preclusion should bar reopening a 'final' decision of an agency in accordance with the immigration regulations but allow relief from a 'final' judgment of a district court under Rule 60(b)"); *Hamzavi v. INS*, 46 F.3d 1141, *2 (9th Cir. 1995) (unpublished table decision) (rejecting the petitioner's assertion that the decision to reconsider an administratively final decision violated res judicata and stating that the

1  "[p]etitioner's position is untenable [and] [t]he Ninth Circuit has consistently acknowledged
2  the BIA's and the IJ's right to reopen or reconsider cases in accordance with INS
3  regulations"); *see also Rivera-Cruz v. INS*, 948 F.2d 962, 969 n.9 (5th Cir. 1991) (noting that
4  "[the court's] affirmance [of the BIA's denial of the petitioner's request for asylum and
5  withholding of removal] has no res judicata effect upon [the petitioner's] motion to reopen,
6  should he choose to file one").

7  In the instant matter, the Ninth Circuit Court of Appeals addressed the merits of the
8  Petition and found that Petitioner's California conviction "cannot be categorized as an
9  aggravated felony." *Desire*, 245 F. App'x at 629. The Ninth Circuit then granted Petitioner's
10 Petition and vacated the removal order. *Id.* In the Supplemental Report and
11 Recommendation, the Magistrate Judge found that the Ninth Circuit's decision only
12 precluded further litigation related to determining whether Petitioner's California conviction
13 was an aggravated felony. (Supp. R&R at 11.) The Magistrate Judge also noted that "no
14 separate removal proceeding has been initiated against Petitioner." (*Id.*) Ultimately, the
15 Magistrate Judge concluded that res judicata does not "prevent[] the Government from
16 seeking to reopen the administrative proceedings and allege new grounds for removal" and
17 that "Petitioner's res judicata claim is without merit, and his Petition should be denied." (*Id.*)
18 Petitioner objects to the Supplemental Report and Recommendation, arguing that the Ninth
19 Circuit's decision, vacating the removal order and granting his Petition, was a final judgment
20 on the merits and that res judicata thus prohibits the government from reopening the
21 proceedings on the basis of a charge that the government could have brought prior to the
22 Ninth Circuit's decision. (Pet'r's Obj. to Supp. R&R at 7-9.)

23 Res judicata does prohibit the government from bringing a subsequent immigration
24 proceeding based on charges that could have been brought in a prior proceeding. *See Bravo-*
25 *Pedroza*, 475 F.3d at 1359. Res judicata does not, however, prohibit a motion to reopen
26 following a final decision in immigration proceedings. *See Rana*, 175 F. App'x at 995;
27 *Hamzavi*, 46 F.3d at *2. Here, the DHS moved to reopen the immigration proceedings
28 against Petitioner. Petitioner does not cite a single case, and the Court cannot find one, where

- 5 -

res judicata limited the ability to reopen an immigration proceeding. Additionally, every case cited by Petitioner in support of the application of res judicata applies res judicata only to prevent subsequent, separate proceedings not initiated through the reopening procedure. *See Bravo-Pedroza*, 475 F.3d at 1361; *Ramon-Sepulveda*, 824 F.2d at 750-51. The process for reopening an immigration proceeding is governed and limited by regulations, not the doctrine of res judicata. *See* 8 C.F.R. § 1003.2; *Rana*, 175 F. App'x at 995; *Hamzavi*, 46 F.3d at *2. As held in the Court's previous Order, this Court is without jurisdiction to review the BIA's discretionary decision to reopen pursuant to the immigration regulations. (Order at 6.) Petitioner must raise any challenges to the BIA's decision to reopen and remand by appealing to the Ninth Circuit Court of Appeals. (*See id.*)

### III.     CONCLUSION

While the doctrine of res judicata applies to immigration proceedings, it does not prohibit the reopening of an immigration proceeding in accordance with 8 C.F.R. § 1003.2. Petitioner's challenge to the decision to reopen fails, and the Petition for Writ of Habeas Corpus is denied.

**IT IS ORDERED** overruling Petitioner's Objections to the Supplemental Report and Recommendation (Doc. 28).

**IT IS FURTHER ORDERED** adopting the Supplemental Report and Recommendation (Doc. 26).

**IT IS FURTHER ORDERED** denying Petitioner Jo Lesly Désiré's Petition for Writ of Habeas Corpus (Doc. 1).

DATED this 23rd day of December, 2010.

_____
Susan R. Bolton
United States District Judge